Jeffrey E. Goldman, Esq.
THE LAW OFFICES OF JEFFREY E. GOLDMAN
260 Madison Ave., 15th Floor
New York, NY 10016
Phone: 212-983-8999
Jeff@JGoldmanLaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ALONDRA ROJAS TREVINO,** *on behalf of herself and those similarly situated,* <br><br> Plaintiff, <br><br> - against - <br><br> **YSDM, INC., SRAH BAKERY, INC. AND TZVI GOLDSTEIN,** <br><br> Defendants. | **COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT** <br><br> **Jury Trial Requested** |

Alondra Rojas Trevino ("Plaintiff"), on her own behalf and on behalf of others similarly situated, by her attorney, The Law Office of Jeffrey E. Goldman allege as follows:

## NATURE OF THE CASE

1. This is a class and collective action brought by Plaintiff on her own behalf and on behalf of a proposed collective identified below. Plaintiff, and the proposed collective, were employed workers in a bakery making pastries, cakes and other desserts at YSDM Inc. ("YSDM"), Srah Bakery, Inc ("SRAH") and Tzvi Goldstein ("Goldstein") (collectively "Defendants").

2. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and the New York Labor Law § 190 *et seq.* ("NYLL") to recover unpaid minimum wages, unpaid overtime and other monies.

3. Defendants have failed to compensate their employees at the Federal and State minimum wage, overtime wage and unlawfully underpaying them.

4. Plaintiff seeks money damages against Defendants' unlawful actions, including payment of wages, payment of overtime, spread of hours payments, liquidated damages, interest, and attorneys' fees and costs as permitted in accordance with the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337, and has supplemental jurisdiction over Plaintiff' NYLL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1331, as the location of Defendants' business is in the Eastern District of New York.

## PARTIES

7. Plaintiff, a resident of New York State, was employed by Defendants from January 2024 through October 2, 2024. Plaintiff was employed in the bakery department making pastries, cakes, and other desserts. Throughout her employment, she was paid a salary of $700 a week. She earned less than minimum wage and was not paid an overtime wage. She was not paid time and half for overtime hours.

8. Plaintiff received a salary of $700 and a small amount of cash.

9. Generally, she worked Monday to Friday, 6 am to 6 pm. Exhibit 1.

10. For the week of January 25, 2024, Plaintiff worked on 1/25/24 6:43 am to 6:19 pm, 1/26/24 5:49 am to 12:16 pm, 1/29/24 5:55 am to 6 pm, 1/30/24 5:48 am to 9:15 pm, and 1/31/24 5:50 am to 6:19 pm. During this week she work a total of 58:04 hours. See Exhibit 1.

11. Plaintiff has attached her clock in and clock out records for the time period that she worked for the defendant. (Exhibit 1.)

12. Plaintiff was Defendants' employees within the meaning of the FLSA and NYLL.

13. Defendant YSDM, Inc. is a New York corporation that owns and operates Srah Bakery/Strauss Bakery, a bakery located at 1430 37th St., Brooklyn, NY 11218. YSDM is listed on the Plaintiff's paycheck as the employer. (Hereinafter referred to as "YSDM.")

14. Defendant Srah Bakery, Inc. is a New York corporation that owns and operates Srah Bakery/Strauss Bakery, a bakery located at 1430 37th St., Brooklyn, NY 11218. (Hereinafter referred to as "Srah.")

15. Defendant Tzvi Goldstein is the owner and operator of YSDM/Srah. (Hereinafter referred to as "Goldstein.") (All Defendants are hereinafter collectively referred to as "Defendants.")

16. Defendant Goldstein is an active manager with authority to control the pay practices and employment policies.

17. Goldstein controls the employees' records and rate of pay and he is in the business on a regular basis.

18. Goldstein fires and hires employees.

19. These facts are sufficient to establish his right and ability to supervise the infringing activities.

20. Upon information and belief, Defendants jointly and individually have an annual gross volume of sales in excess of $500,000.00.

21. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

22. Defendants are engaged in interstate commerce, as numerous items that are used in the bakery on a daily basis are goods purchased outside of New York.

23. For example, flour for baking comes from North Dakota and other states in the Midwest. Chocolate is used in baking products and the coco used to make chocolate comes from Africa.

24. Defendants employed the Plaintiff and other workers who handle goods or materials that have moved or been produced in interstate commerce, including, flour, chocolate, fruit in pie filling, butter, and vegetable oil which come from other states and countries.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings her FLSA claims on behalf of herself and similarly situated employees (i.e., salaried laborers) who are, or have been employed by Defendants in the three years preceding the filing of this Action.

26. The members of the FLSA collective have been victims of Defendants' common policies and practices which have denied Plaintiff and the collective of the full minimum wage and time and half for overtime wages.

27. The FLSA Collective consists of employees who works as bakers, pastry bakers, cooks, cleaners, packers, laborers and other employees in the bakery who were not paid time and half for overtime hours.

28. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA collective by engaging in a pattern, practice and policy of violating the FLSA. This pattern, practice and policy includes:

    a. Paying manual laborers, a salary;

    b. Failing to pay employees by the hour;

    c. Failing to pay them time and half for overtime wages;

29. Defendants have engaged in unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees' compensation by willfully and knowingly violating the FLSA.

30. The FLSA collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join this action.

31. The identities of these similarly situated employees are or should be known to Defendants and are locatable through Defendants' business records.

## CLASS ACTION ALLEGATIONS

32. Pursuant to Rule 23 of Federal Rules of Civil Procedure, Plaintiff brings this lawsuit as a class action on behalf of all of the manual laborers who are employed or who have been employed by Defendants within six years prior to the filing of this Complaint.

33. **Numerosity**: The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiff at this time; however, it is estimated that the number exceeds 100 individuals.

34. **Commonality and Typicality**: The claims of Plaintiff (for violations of the FLSA and NYLL Class are based on failure to pay minimum wage, failure to pay time and half for overtime hours, failure to pay spread of hours, failure to provide wage notice and wage statements) is typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

35. **Ascertainable Class**: The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

36. **Adequacy**: Plaintiff is an adequate representative of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel is competent and experienced in litigating large wage payment class actions.

37. **Superiority**: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiff and the other members of the Class for the wrongs alleged herein, as follows:

    a.    This case involves a large corporate Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

    b.    If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

    c.    Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

    d.    The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; would establish potentially incompatible standards of conduct for Defendants, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

    e.    The claims of the individual members of the Class may not be sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

    f.    Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult if not impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

    g.    The costs to the court system of adjudication of such individualized litigation would be substantial.

## **FACTS**

38.    The FLSA and the NYLL provide that employees who work overtime are entitled to be paid 1.5 times their regular rate of pay.

39. Plaintiff is a manual laborer working in Defendants' bakery who should be paid an hourly wage.

40. Plaintiff, and collective/class members, work making pastries, cakes, cupcakes and other desserts.

41. Plaintiff does not have any management responsibilities.

42. Plaintiff works 5 days a week approximately 60 hours a week. Exhibit 1

43. Plaintiff usually works Monday through Friday from 6 am to 6 pm.  Exhibit 1

44. Plaintiff is paid a salary of $700 a week plus some small amount of cash. Exhibit 1.

45. Plaintiff is paid less than minimum wage in New York City.

46. During the week of 3/28/24, Plaintiff worked 61:11 hours. She was paid $700 and a small amount of cash. (Plaintiff does not have any written records from the cash payment.) This works out to approximately $11.45 an hour.

47. During the week of 5/30/24, Plaintiff worked 60:20 hours.  She was paid $700 and a small amount of cash.  (Plaintiff does not have any written records from the cash payment.) This works out to approximately $11.62 an hour. Exhibit 1

48. During the week of 8/8/24, Plaintiff worked 60:03 hours. She was paid $700 and a small amount of cash. (Plaintiff does not have any written records from the cash payment.) This works out to approximately $11.66 an hour. Exhibit 1.

49. During the week of 9/5/24, Plaintiff worked 64:39 hours. She was paid $700 and a small amount of cash. (Plaintiff does not have any written records from the cash payment.) This works out to approximately $10.87. Exhibit 1.

50. All of Defendants acts were willful and knowing, deliberately and intentionally disregarding its wage obligations.

51. Defendants failed to pay the Plaintiff for Spread of hours which is the payment of an extra hour of pay when the time from the beginning of the day to the end of day exceeds 10 hours.

52. Plaintiff was paid a salary.

53. Plaintiff routinely worked 12-hour a days from 6 am to 6 pm. Exhibit 1.

54. Almost every shift that the Plaintiff worked the time from the start to the end of the day exceeded 10 hours. Exhibit 1.

### FIRST CAUSE OF ACTION
(FLSA Overtime Violations, 29 U.S.C. § 201, et seq.
Brought by Plaintiff on Behalf of Herself
and the FLSA Collective Plaintiffs)

55. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

56. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

57. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

58. Plaintiff regularly worked 20 hours a week of overtime each week.

59. Plaintiff was paid a salary which ended up being less than the minimum wage per hour.

60. Plaintiff was not paid time and half for the overtime hours she worked.

61. Throughout the statute of limitations period covered by these claims, Defendants willfully and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the greater of one and a half times their regular rates or the New York minimum wage for all overtime hours worked.

62. Plaintiff, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
New York State Minimum Wage Act, New York Labor Law § 650 et seq.;
N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.2, 146-2.9)
(Brought by Plaintiff on Behalf of Herself and the Class)

63. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

64. Defendants are employers within the meaning NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor regulations and employed Plaintiff.

65. Defendants were required to pay Plaintiff the applicable minimum wage rate under the NYLL.

66. Defendants were required to but failed to provide the required wage notice under the NYLL.

67. Plaintiff and Class members were paid less than the minimum wage.

68. Defendants were aware of or should have been aware that the practice described in this Complaint were unlawful and did not make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

69. All of Defendants acts were willful and knowing, deliberately and intentionally disregarding its wage obligations.

70. As a result of Defendants' willful violations of the NYLL, Plaintiff suffered damages to be determined at trial and are entitled to the recovery of such amounts and liquidated damages, pre-

judgment interest, post-judgment interest, attorneys' fees, costs, and other damages pursuant to the NYLL.

## THIRD CAUSE OF ACTION
(New York Overtime Violations, N.Y. Lab. L. §§ 650 et seq.
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)
(Brought by Plaintiff on Behalf of Herself and the Class)

71.     Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

72.     Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff and the Class Members the greater of one and a half times their regular rates or the New York minimum wage for all overtime hours worked.

73.     All of Defendants acts were willful and knowing, deliberately and intentionally disregarding its wage obligations.

74.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
(Spread of Hours Violations, NYLL §§ 190 et seq. and 650 et seq.)
(12 NYCRR § 137-1.7 and 137-3.11; 12 NYCRR § 142-2.4; NYLL § 663 et seq.)
(Brought by Plaintiff on Behalf of Herself and the Class)

75.     Plaintiff reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

76.     Defendants failed to pay Plaintiff one additional hour's pay at the minimum wage rate for each day the interval between the beginning and end of an employee's workday exceeded 10 hours.

77. Defendants are required to pay the Plaintiff for one hour at minimum wage when her day is longer than 10 hours.  12 NYCRR § 137-1.7 - 137-3.11.

78. Plaintiff 's work schedule was from approximately 6 am to 6 pm, which is 12 hours a day. Exhibit 1.

79. All of Defendants acts were willful and knowing, deliberately and intentionally disregarding its wage obligations.

80. As a result of Defendants' unlawful conduct, Defendants are liable to Plaintiff for one hour at the minimum wage, liquidated (double) damages, prejudgment interest, post judgement interest, attorney fees, costs and such other damages as shall be determined at trial.

**FIFTH CAUSE OF ACTION**
New York Labor Law-Record Keeping Violations,
NYLL §§ 195(3), 198 1-d)
(Brought by Plaintiff on Behalf of Herself and the Class)

81. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

82. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including payroll records and wage statements which reflect the actual hours worked at the regular rate and the overtime rate each week, as required by the NYLL and its supporting regulations.

83. Defendants failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3) of the Wage Theft Prevention Act.

84. Defendants issued wage statements which failed to include an hourly wage, the number of hours worked in the week at the regular rate, the overtime hourly rate, the overtime hours worked, list spread of hours worked, payment of spread of hours and other violations contrary to the requirements of NYLL § 195(3).

85. Defendants wage notices incorrectly failed to list hourly rate, overtime rate and number of hours worked.

86. This caused the Plaintiff to believe she was being paid according to the law and not question her defective wage statements and Defendants' unlawful pay practices.

87. Due to Defendants' failure to provide accurate wage notices, Plaintiff suffered "concrete, downstream injuries," in the form of deprivation of adequate wages, because it prevented Plaintiff from discovering that Defendants were systematically underpaying her less than the minimum wage and the correct overtime wage.

88. Defendants' failure to make, keep and preserve accurate records was willful and knowingly.

89. As a result of Defendants' willful and unlawful conduct, Plaintiff are entitled to an award of damages of $250 a day for each workday that the violation occurred or in an amount to be determined at trial, costs, and attorneys' fees, as provided by NYLL § 198(1-d)

**SIXTH CAUSE OF ACTION**
(New York Notice and Recordkeeping Violations,
NYLL §§ 195(1), 198 1-b)
(Brought by Plaintiff on behalf of Herself and the Class)

90. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

91. Defendants failed to give Plaintiff an accurate wage notice in Spanish when she started and when her wages changed pursuant to NYLL § 195(1) under the Wage Theft Prevention Act.

92. Defendants have a legal and contractual duty to pay the Plaintiff the correct wages.

93. Defendants failed to provide accurate wage information on the wage notices, failed to provide an hourly wage, correct overtime wage, and failed to update the wage notice at the time

that the wage was changed which resulted in underpayment of contractual obligations to the Plaintiff.

94. Had Defendants provided Plaintiff with her correct hourly wage, including her overtime wage on the wage notice, Plaintiff would not have suffered the loss of the wages that she suffered because she would have known that Defendants were under paying her with the incorrect wage.

95. Had Plaintiff seen a wage notice which listed her hourly wage at the minimum wage of $15 an hour, she would have immediately known that her hourly wage of $11.45, $11.62, $11.66 & $10.87 was an underpayment of her hourly wage. Plaintiff could have addressed this with the Defendants. (See paragraphs 46-49 of this complaint.)

96. Likewise, if the Defendants had provided the Plaintiff with a wage notice which indicated that her overtime rate was $22.50 an hour, she would have realized that she was being underpaid and been able to do something about this underpayment.

97. Defendants' failure to provide the wage notice was willful, knowing and intentional.

98. As a result of Defendants' unlawful conduct, Defendants are liable to Plaintiff for damages of $50 for each workday not to exceed $5,000 pursuant to NYLL § 198(1-b) or for damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be granted awarding Plaintiff:

    (a)    Back pay;

    (b)    Overtime wages;

    (c)    Compensatory damages;

    (b)    Liquidated damages;

    (c)    Prejudgment interest;

(d) Attorneys' fees and costs; and

(e) Such other legal and equitable relief as the Court deems necessary and proper.

Dated: March 12, 2025
New York, New York

>THE LAW OFFICES OF JEFFREY E. GOLDMAN
>
>By: ___/s/ Jeffrey E. Goldman_____
>Jeffrey E. Goldman
>260 Madison Ave., 15th Floor
>New York, NY 10016
>Phone: 212-983-8999
>
>*Attorneys for Plaintiff and proposed FLSA collective Plaintiffs and Rule 23 class*